MERRITT, Circuit Judge,
concurring.
I concur in the Court’s disposition of this case because the refusal of a business man to pay protection money to private individuals who violate local criminal law is not a basis for withholding removal. There does not appear on this record to be a basis for finding that government officials were in fact implicated in the harm. Petitioner’s brother had been appointed as a police officer which, at least on the surface, demonstrates a lack of government hostility. There are many places in the United States where citizens are not safe from harm from criminal activity. The statute we are to enforce, 8 U.S.C. § 1231(b)(3)(A), does not include such threats in the list of grounds for asylum. The statute simply says that the government “may not remove an alien to a country if the Attorney General decides that *11 the alien’s life of freedom would be threatened in such country on the count of race, religion, nationality, membership in a particular social group, or political opinion.” If asylum were allowed for private threats, probably every country in the world would qualify as a place from which we should withhold removal.